[Cite as *Nelson v. State*, 2011-Ohio-4843.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SETH NELSON

    Plaintiff

    v.

STATE OF OHIO

    Defendant

    Case No. 2008-09503-WI

Judge Alan C. Travis

DECISION

{¶1} This case was tried to the court on the issues of both liability and damages on April 6-7, 2011.[1]

## I. FACTS

{¶2} On November 24, 1994, plaintiff was arrested and charged with attempted murder in the Tuscarawas County Court of Common Pleas. On May 2, 1995, plaintiff was convicted of felonious assault as a result of the November 24, 1994 incident. On June 28, 1995, plaintiff was sentenced to a definite term of incarceration of 5 to 15 years for felonious assault. On August 6, 1996, the Tuscarawas County Court of

---

[1]On March 11, 2011, plaintiff filed a motion in limine to exclude the admission of: 1) the transcript of the criminal trial underlying his conviction for felonious assault; 2) any testimony by Clifford Sinclair in the current action; and 3) any of his juvenile court records. At trial, plaintiff's motion was GRANTED as to the trial transcript and the testimony of Sinclair but DENIED as to his juvenile court records. In addition, the parties' April 7, 2011 stipulation was APPROVED.

Appeals reversed plaintiff's conviction on the ground that the trial court had erred in instructing the jury on a count of felonious assault, which was not a lesser-included offense of attempted murder.   However, the court of appeals stayed its order of discharge and plaintiff remained incarcerated pending defendant's filing of a notice of appeal with the Supreme Court of Ohio.

{¶3}   On May 26, 1998, plaintiff was indicted on two counts of felonious assault as a result of the November 24, 1994 incident.  On May 29, 1998, plaintiff was ordered discharged from confinement upon the execution of a personal recognizance bond.

{¶4}   After further litigation regarding plaintiff's conviction for felonious assault, on September 27, 2001, the court of appeals ultimately reversed plaintiff's conviction due to the violation of his speedy trial rights.  In the time between plaintiff's release from confinement in 1998 and the reversal of his conviction in 2001, plaintiff served additional sentences for offenses committed in both Summit and Stark Counties, Ohio.[2]   On October 30, 2001, the Tuscarawas County Court of Common Pleas ordered that plaintiff be released from confinement.

{¶5}   On August 15, 2008, the Tuscarawas County Court of Common Pleas issued an entry finding that plaintiff was a wrongfully imprisoned individual pursuant to R.C. 2743.48(A)(1)-(5) on the felonious assault conviction.   Pursuant to R.C. 2743.48(E)(1), plaintiff has submitted a certified copy of the judgment entry of the court of common pleas associated with his conviction and sentencing, and a certified copy of

---

[2]On March 8, 2000, in the Summit County Court of Common Pleas, plaintiff pled guilty to one count of attempted burglary with regard to an incident that had occurred on January 10, 2000.  Plaintiff was sentenced to a term of 8 months of confinement.  On January 4, 2001, in the Stark County Court of Common Pleas, plaintiff was found guilty of one count of possession of cocaine.  The court stated in its sentencing entry that plaintiff had served a prior prison term.  Plaintiff was sentenced to a definite term of 12 months.  On October 29, 2001, plaintiff pled guilty to one count of trafficking in cocaine and was sentenced to a term of 6 months.

the entry of the determination of the court of common pleas that he was a wrongfully imprisoned individual.  (Plaintiff's Exhibits 2 and 19, respectively.)

## II.  DAMAGES

### A.  R.C. 2743.48(E)(2)(b): Statutory Annual Amount

{¶6}    R.C. 2743.48(E)(2) sets forth the types of evidence that the court may consider when granting an award for wrongful imprisonment.  Pursuant to R.C. 2743.48(E)(2)(b), the adjusted annual statutory amount of damages for wrongful imprisonment determined by the auditor of state in effect in 2011 is $47,823.12.[3]

### 1.  Felonious Assault Conviction

{¶7}    The parties agree that plaintiff was incarcerated in a state correctional institution for the offense of felonious assault from June 30, 1995 to May 29, 1998, for a total of 1,065 days.  Defendant asserts that 30 days should be deducted from the total to account for a 30-day sentence from a juvenile court adjudication.  Although Defendant's Exhibit R, a docket entry from the juvenile court in Tuscarawas County, mentions that a 30-day sentence may be imposed in the future, defendant has failed to prove that the sentence from juvenile court was ever imposed.  Therefore, plaintiff is entitled to an award of damages for 1,065 days of confinement pursuant to R.C. 2743.48(E)(2)(b) in the amount of $139,538.69.

### 2.  Other Subsequent Convictions

{¶8}    Plaintiff asserts that he is entitled to additional damages pursuant to R.C. 2743.48(E)(2)(b) for his imprisonment from January 26, 2001 to October 30, 2001.  Plaintiff argues that if he had not been wrongfully convicted of felonious assault in 1995, he would not have received prison time for two subsequent convictions.  However,

---

[3]R.C. 2743.48(E)(2)(b) states:  "For each full year of imprisonment in the state correctional institution for the offense of which the wrongfully imprisoned individual was found guilty, forty thousand three hundred thirty dollars or the adjusted amount determined by the auditor of state pursuant to section 2743.49 of the Revised Code, and for each part of a year of being so imprisoned, a pro-rated share of forty thousand

based upon the evidence presented at trial, the court finds that plaintiff is not entitled to additional damages for any period of incarceration in 2001 because he was simultaneously incarcerated for his other convictions at that time. The sentencing entry from the Stark County Court of Common Pleas does not state that plaintiff's sentence for possession of cocaine was enhanced due to his prior conviction for felonious assault. Moreover, plaintiff also served a prison sentence for attempted burglary shortly before he was sentenced for cocaine possession. In sum, the court finds that plaintiff has failed to prove, by a preponderance of the evidence, that he would not have been incarcerated from January 26, 2001 to October 30, 2001, but for his erroneous felonious assault conviction. Accordingly, plaintiff is not entitled to any damages for his imprisonment during 2001.

### B. R.C. 2743.48(E)(2)(c): Lost Wages[4]

{¶9} Plaintiff presented his own testimony and the testimony of others to show that he was employed as a cook at Shoney's restaurant in November 1994, but that after his arrest for attempted murder, his employment was terminated. Plaintiff testified that he was earning $4.75 per hour at the time, and that he worked 40 hours per week. At the time of his arrest, plaintiff had not earned his high school diploma. Plaintiff earned a GED during his incarceration.

{¶10} Plaintiff testified that after his release in 1998, he worked at various places of employment, with some places paying him solely in cash. Plaintiff conceded that his reported earnings from 1998 to 2007, as documented by the Social Security Administration, total $16,238. (Defendant's Exhibit H.)

---

three hundred thirty dollars or the adjusted amount determined by the auditor of state pursuant to section 2743.49 of the Revised Code[.]"

[4]R.C. 2743.48(E)(2)(c) states: "Any loss of wages, salary, or other earned income that directly resulted from the wrongfully imprisoned individual's arrest, prosecution, conviction, and wrongful imprisonment[.]"

{¶11} Plaintiff presented the testimony of his expert, Robert Gitter, Ph.D., professor of economics at Ohio Wesleyan University. Gitter opined that plaintiff's lost wages from November 24, 1994 to May 29, 1998, total $35,742. Gitter stated that he did not base his calculations on plaintiff's employment history at Shoney's, but rather he relied on statistical information from a current population survey. After adjustments for inflation, Gitter stated the amount of wage loss would be $49,710 in 2011 dollars, which was calculated by multiplying $35,742 by 1.3908. After a second adjustment for interest, what Gitter described as a "premium to wait for his money," the total wage loss equals $69,736.

{¶12} On cross-examination, Gitter stated that he had never before testified as an expert regarding lost wages for an individual who had been incarcerated. Gitter also acknowledged that plaintiff's lifetime earnings as reported by the Social Security Administration are below average according to statistics.

{¶13} Defendant presented the testimony of Kim Massolini, director of human resources for Ameridial. Massolini testified that plaintiff's work history shows that plaintiff worked for Ameridial from May 9 through 12, 1994, at $4.25 per hour; from January 10 through 14, 2005, at $7.25 per hour; and from October 18 through 25, 2005, for $7.25 per hour. Massolini testified that these three periods of time represent plaintiff's entire work history at Ameridial.

{¶14} Upon review, the court finds that plaintiff has a sporadic employment history at minimum wage jobs. The court finds that the testimony of Gitter, which was based upon statistics and averages, is not the best measure of plaintiff's damages inasmuch as plaintiff has not demonstrated the ability to maintain full-time employment for any appreciable length of time. Accordingly, plaintiff's award of lost wages shall be based upon income he reported to the Social Security Administration from 1998 to 2007, which results in an average annual amount of $1,623.80, or an average daily rate of $4.45. The total number of days from the date of plaintiff's arrest (November 24,

1994) to the date of his release (May 29, 1998) is 1,282 days.  Thus, plaintiff has proven that he incurred lost wages in the amount of $5,704.90 pursuant to R.C. 2743.48(E)(2)(c) for 1,282 days at a rate of $4.45 per day.  Using Gitter's formula to adjust for inflation, the court finds that plaintiff is entitled to lost wages in the total amount of $7,934.37.  Inasmuch as Gitter's testimony regarding a second adjustment for "waiting on his money" was not persuasive, the court shall not adjust plaintiff's wage loss further.

### C.  R.C. 2743.48(F)(2):  Attorney Fees[5]

{¶15}  On March 3, 2006, plaintiff and his attorney entered into a contingent fee agreement. (Plaintiff's Exhibit 22.)  Although the court finds that R.C. 2743.48 does not specifically address a contingent fee agreement, it does provide for an award for the "reasonable" attorney fees of plaintiff's counsel.  However, counsel for plaintiff has also submitted invoices for his work in representing plaintiff from February 27, 2006 forward.  The court notes that plaintiff states in his post-trial memorandum that he does not oppose conversion of his contingent fee agreement to an hourly basis.  Defendant does not dispute that counsel's stated hourly rate of $150 is reasonable.

{¶16}  After a thorough review of all of the billing statements submitted, including Plaintiff's Exhibit 24, the court finds that counsel for plaintiff documented a total of 655.7 hours for representation.[6]  At trial, counsel for plaintiff conceded that 20.2 of those hours did not directly relate to plaintiff's claim for wrongful imprisonment.  Therefore, the court

---

[5]R.C. 2743.48(F)(2) states: "If the wrongfully imprisoned individual was represented in the civil action under this section by counsel of the wrongfully imprisoned individual's own choice, the court of claims shall include in the judgment entry referred to in division (F)(1) of this section an award for the reasonable attorney's fees of that counsel. These fees shall be paid as provided in division (G) of this section."

[6]On April 14, 2011, plaintiff filed a memorandum regarding "attorney fee issues."  Attached to the memorandum are proposed Plaintiff's Exhibits 24-33.  Without objection, Plaintiff's Exhibits 24-33 are ADMITTED.

finds that counsel for plaintiff has spent 635.5 hours at a rate of $150 per hour in the representation of plaintiff on his claim of wrongful imprisonment since 2006.

{¶17} Upon consideration of the documentation before the court, the court concludes that it is more consistent to calculate plaintiff's attorney fees using an hourly rate, rather than a hybrid hourly rate/contingent fee method. Therefore, the court finds that counsel for plaintiff is entitled to reasonable attorney fees of $95,325. In addition, the court finds that counsel for plaintiff incurred expenses in the amount of $5,807.66, and that counsel shall be reimbursed for such expenses.

**D. Creditors**

{¶18} As stated in Joint Exhibit I, the parties agree that the following creditors shall be paid directly from plaintiff's award in the following amounts:

{¶19} 1) Alliance Municipal Court                                      $30

{¶20} 2) Canton Municipal Court                                $425.50

{¶21} 3) Coshocton County Child Support Enforcement Agency
$29,488.45

{¶22} 4) Stark County Child Support Enforcement Agency        $3,485.93

{¶23} 5) Stark State College
$404.29

{¶24} 6) Summit County Clerk of Courts
$220.30

{¶25} 7) Tuscarawas County Juvenile Court                      $282.20

{¶26} 8) New Philadelphia Municipal Court
$265.00


{¶27} **Total**              **$34,601.67**

{¶28} The parties also agree that pursuant to Defendant's Exhibit Y, the following creditor should be paid directly from plaintiff's award:

{¶29} 9)     Armstrong & Okey, Inc.

$355.47

{¶30} $152.00

{¶31} $161.84

{¶32} $57.00

{¶33} **Total**                     **$726.31**

{¶34} Lastly, on April 4, 2011, an amended notice of plaintiff's debt was filed regarding the following amount:

{¶35} 10)     Tuscarawas County Clerk of Courts

**$270.96**

{¶36} Total of plaintiff's creditors:                              **$35,598.94**

## III. Summary

{¶37} Pursuant to R.C. 2743.48(E)(2), the court finds that plaintiff has proven, by a preponderance of the evidence, that he is entitled to receive a sum of money that equals the total of each of the following amounts:

{¶38} $139,538.69, which represents 1,065 days of imprisonment (2.92 years) at $47,823.12 per year;

{¶39} $7,934.37 in lost wages;

{¶40} $101,132.66 in reasonable attorney fees and costs for plaintiff's representation in the instant case by attorney P. Steven Maasz.

{¶41} Therefore, pursuant to R.C. 2743.48(F)(1), judgment shall be rendered in favor of plaintiff in the amount of $248,630.72, which includes the $25 filing fee.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SETH NELSON

    Plaintiff

    v.

STATE OF OHIO

    Defendant
Case No. 2008-09503-WI

Judge Alan C. Travis

<u>JUDGMENT ENTRY</u>

{¶42}     This case was tried to the court on the issues of liability and damages. The court has considered the evidence and for the reasons set forth in the decision filed concurrently herewith, judgment is hereby rendered in favor of plaintiff in the amount of $248,630.72 which includes the filing fee paid by plaintiff.  The warrant of payment of judgment in the amount of $111,899.12 shall be sent to Seth Nelson, in care of his attorney, P. Steven Maasz, 13303 Thunderhead Street, San Diego, California 92129. The warrant of payment of judgment in the amount of $101,132.66, which represents reasonable attorney fees and costs, shall be sent to P. Steven Maasz, 13303 Thunderhead Street, San Diego, California 92129.

**{¶43}** The warrant of payment of judgment in the amount of $30 shall be sent to Alliance Municipal Court, 470 E. Market St., Alliance, Ohio 44601. The warrant of payment of judgment in the amount of $425.50 shall be sent to Canton Municipal Court, 218 Cleveland Ave. SW, Canton, Ohio 44702. The warrant of payment of judgment in the amount of $29,488.45 shall be sent to Ohio Child Support Payment Central for the Coshocton County Child Support Enforcement Agency, P.O. Box 182372, Columbus, Ohio 43218. The warrant of payment of judgment in the amount of $3,485.93 shall be sent to Ohio Child Support Payment Central for the Stark County Child Support Enforcement Agency, P.O. Box 182372, Columbus, Ohio 43218. The warrant of payment of judgment in the amount of $404.29 shall be sent to Stark State College, 6200 Frank Ave. NW, North Canton, Ohio 44720. The warrant of payment of judgment in the amount of $220.30 shall be sent to Summit County Clerk of Courts, 205 South High Street, Akron, Ohio 44308. The warrant of payment of judgment in the amount of $282.20 shall be sent to Tuscarawas County Juvenile Court, 101 E. High Ave., Rm. 108, New Philadelphia, Ohio 44663. The warrant of payment of judgment in the amount of $265 shall be sent to New Philadelphia Municipal Court, 166 E. High Ave., New Philadelphia, Ohio 44663. The warrant of payment of judgment in the amount of $726.31 shall be sent to Armstrong & Okey, Inc., 222 East Town Street, 2nd Floor, Columbus, Ohio 43215. The warrant of payment of judgment in the amount of $270.96 shall be sent to Clerk of Courts, Tuscarawas County, P.O. Box 628, New Philadelphia, Ohio 44663.

**{¶44}** R.C. 2743.48(G) provides: "The clerk of the court of claims shall forward a certified copy of a judgment under division (F) of this section to the president of the controlling board. The board shall take all actions necessary to cause the payment of the judgment out of the emergency purposes special purpose account of the board." Therefore, subject to the provisions of R.C. 2743.19(D), the clerk shall forward

a certified copy of this judgment to the president of the controlling board.  Interest on the judgment shall be allowed per R.C. 2743.19.

{¶45}     Court costs are absorbed by the court.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
ALAN C. TRAVIS
Judge

cc:

Daniel R. Forsythe                    P. Steven Maasz
Peter E. DeMarco                      13303 Thunderhead Street
Assistant Attorneys General           San Diego, California 92129
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130


HTS/dms
Filed August 4, 2011
To S.C. reporter September 22, 2011